FW 400003923

DEC 2 2024 PM12:24
FILED-USDC-NDTX-FW

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

**PATRICIA A. DAVIDSON,**

***Plaintiff,***

**v.**

**Texan Credit Corporation**

**Equifax Information Services, LLC**

***Defendants***

**CIVIL ACTION NO.**

**Jury Trial Demanded**

4-24CV-1172P

## COMPLAINT

## INTRODUCTION

1. This Complaint is Filed by Plaintiff Patricia A. Davidson against Defendants Texan Credit Corporation and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act and the Texas Deceptive Trade Practices Act(DTPA).

## JURISDICTION

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., a federal statute.

3. This Court has personal jurisdiction over the Defendant because the Defendant conducts business within the State of Texas and/or the claims asserted herein arise from the Defendant's activities within the State of Texas.

4. The Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and/or the Defendant resides in this district

## PARTIES

5. Plaintiff Patricia A. Davidson is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in Fort Worth, TX,

6. Texan Credit Corporation is organized and existing under the laws of Texas, with its principal place of business at 357 Jacob St Timpson, TX 75975.

7. Texan Credit Corporation provides consumer financial products, including personal loans, to Texas residents. It is registered with the Secretary of State and its registered agent is Stacy Pledger at 357 Jacob St. Timpson, TX 75975.

8. Texan Credit Corporation acts as a "Furnisher" of information to consumer reporting agencies as defined by the Fair Credit Reporting Acts(FCRA), 15 U.S.C § 1681s-2.

9. As a furnisher of information, Texan Credit Corporation is required to ensure the accuracy and integrity of the information it provides to the Consumer Reporting Agency.

10. Equifax Information Services, LLC is a consumer reporting Agency as defined in 15 U.S.C 1681a(f) and is engaged in the business of assembling and distributing Credit.

11. Equifax Information Services, LLC is a limited liability company with its principal business location at 1550 Peachtree Street NW, Atlanta, GA 30309, in Fulton County, Georgia. Equifax is authorized to conduct business in the State of Texas and maintains a registered agent for service of process at Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## LEGAL FRAMEWORK

## FAIR CREDIT REPORTING ACT

12. The Fair Credit Reporting Act(FCRA) codified at 15 U.S.C § 1681et seq., is a Federal law designed to promote the accuracy, fairness, and privacy of consumer information reported to credit reporting agencies. The FCRA imposes obligations on data furnishers, such as Texan Credit Corporation, to report accurate and complete information to credit reporting agencies and correct inaccuracies promptly.

13. The Banking system is dependent on accurate and complete credit reporting. An inaccurate credit report or unfair credit reporting undermines the public's confidence in financial institutions, jeopardizing the foundation upon which lending decisions are based. To prevent these harms, the FCRA imposes strict obligations on credit reporting agencies (CRAs) and furnishers of information to ensure the accuracy of reported data, investigate disputes thoroughly, and maintain transparency in their practices.

14. Under the FCRA, when a furnisher receives notice of dispute, it is required to:

    a. Conduct an investigation into the disputed information.

    b. Review all relevant information provided by the credit reporting agencies(CRAs)

    c. Report the results of the investigation to the CRAs.

    d. If the investigation reveals that the information is incomplete or inaccurate promptly provide corrected information to all CRAs to which the furnisher previously provided the inaccurate information.

    e. If the information cannot be verified, the furnisher must delete it from the consumer's credit report.

15. The FCRA has defined "accuracy" as information that is free of error, exact, and correct.

16. Equifax has a duty to Maintain accuracy 15 U.S.C 1681 e(b).

a. Equifax must follow reasonable procedures to ensure the accuracy and integrity of information they include in consumer credit reports.

b. Equifax must re-investigate disputes under 15 U.S.C 1681 i(a).

c. Equifax must conduct a reasonable re-investigation within 30 days.

d. Equifax must mark account as disputed 15 U.S.C 1681(c)

e. Equifax may be held liable for willful compliance (statutory damages up to 1,000 and punitive damages)

## DECEPTIVE TRADE PRACTICES ACT(DTPA)

17. The Texas Deceptive Trade Practices Act (DTPA), codified at **Tex. Bus. & Com. Code § 17.41 et seq.**, prohibits false, misleading, or deceptive acts or practices in the conduct of trade or commerce. The DTPA provides consumers with a legal remedy for deceptive practices, including instances where businesses misrepresent the quality, characteristics, or nature of goods or services. If the deceptive acts are found to be intentional, the DTPA allows for enhanced remedies, including **treble damages** and additional relief for the harm caused by willful misconduct.

## FACTUAL ALLEGATIONS

18. Plaintiff Patricia A. Davidson entered into a contract with Texan Credit Corporation for an account that was subsequently closed. The terms of this contract, along with the reporting of the account to Consumer Reporting Agencies, are governed by both state and federal laws, including but not limited to the **Texas Deceptive Trade Practices Act (DTPA)** and the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**

19. On or about February 10, 2024, Plaintiff Patricia A. Davidson received a letter from Defendant Texan Credit Corporation via mail, stating that she owed a remaining balance of $1,464.65 on an account ending in 3875. **Exhibit A.**

20. On or about March 13, 2024, a consumer report concerning Plaintiff Patricia A. Davidson was generated and maintained by Equifax, a consumer reporting agency as defined under 15 U.S.C. § 1681a(f). **Exhibit B.**

21. In the consumer report generated by Equifax, Plaintiff Patricia A. Davidson observed that Defendant Texan Credit Corporation reported a different balance of **$1,400**, which was inconsistent with prior communications regarding the account.

22. Plaintiff Maintained her Consumer report from Equifax for February 01, 2024 and discovered a different amount reporting in the amount of $1,1015 and past $1,400.**Exhibit C**

23. Plaintiff Patricia A. Davidson maintained her credit report from Transunion and observed another different amount reporting in the amount of $1,499.

24. On or about March 19, 2024, Plaintiff Patricia A. Davidson contacted Defendant Texan Credit Corporation via telephone to request a copy of the installment agreement and to obtain the accurate amount owed on the account. During this recorded conversation, Defendant stated that the account was closed and that the remaining balance owed was $1511. **Exhibit D**

25. On or about March 25, 2024, Plaintiff Patricia A. Davidson sent letters to Equifax and TransUnion, requesting an investigation into the discrepancies in the reported account balance and the accuracy of the information provided by Defendant Texan Credit Corporation. **Exhibit E**

26. On or about April 8, 2024, Plaintiff Patricia A. Davidson visited Defendant Texan Credit Corporation's location at 2901 Alta Mere Dr, Ste 400, to request a copy of the installment agreement for the account in question. Defendant refused to provide a copy of the contract and instead issued a piece of paper stating that Plaintiff owes a balance of $1,525. **Exhibit F,G**

27. Defendant Texan Credit Corporation knowingly or negligently inflated the reported account balance, resulting in significant confusion and humiliation for Plaintiff Patricia A. Davidson, due to the inconsistent and misleading information provided.

28. On or about April 09, 2024, Plaintiff received email confirmation that the defendant Texan Credit Corporation removed the tradeline from Plaintiff Transunion Credit Report.

29. Defendant Equifax completed the Investigation in Seven days.

30. On or about April 9, 2024, Plaintiff Patricia A. Davidson received notification from Equifax that Defendant Texan Credit Corporation had updated Plaintiff's credit report to reflect a balance of **$1,525**. Plaintiff asserts that Defendant Texan Credit Corporation submitted this updated amount to Equifax to corroborate the inflated balance provided to Plaintiff the previous day. **Exhibit H**

31. On April 12, 2024, Plaintiff Patricia A. Davidson filed a complaint with the Consumer Financial Protection Bureau (CFPB), requesting a copy of the loan agreement from Defendant Texan Credit Corporation in an effort to obtain accurate information regarding the amount owed on the account.**Exhibit I**

32. On April 15, 2024, Defendant Texan Credit Corporation responded to the complaint filed with the Consumer Financial Protection Bureau (CFPB) but failed to provide the requested loan agreement. Instead, Defendant falsely claimed that the loan agreement

was attached to their response. However, no such agreement was included, as noted by the CFPB agent in their records. Defendant's actions further deceived Plaintiff, exacerbating the confusion and frustration surrounding the account. **Exhibit J**

33. The Plaintiff Received an updated Credit Report from Equifax after Defendant Texan Credit Corporation updated the inflated balance.

34. Plaintiff further observed that the defendant Texan Credit Corporation failed to mark the account as disputed, in violation of 15 U.S.C.§ 1681s-2(b)(1). Under *Gorman v. Wolfpolf & Abramson, LLP(584 F. 3d 114, 9th Cir 2009), a Furnisher's Failure to note a disputed account is recognized as an actionable violation of the FCRA. This omission misled creditors and negatively impacted Plaintiff's creditworthiness.*

35. April 21, 2024 Plaintiff applied for a car loan and received email notification that she was denied. Plaintiff got worried and discovered that Defendant Texan Credit Corporation had reported an inaccurate payment history on the account which caused Plaintiff's score to drop.

36. Despite Plaintiff's initial attempts to dispute and resolve these inaccuracies, Defendant Texan Credit Corporation failed to correct or address the matter. Instead, Defendant continued to inflate the reported balance each month, further compounding the inaccuracies and exacerbating the negative impact on Plaintiff's credit profile for an extended period. Additionally, Defendant failed to mark the account as disputed, as required under the **Fair Credit Reporting Act (FCRA)**, further demonstrating their disregard for accurate and fair reporting practices.

37. In September 2024, Plaintiff renewed efforts to dispute and resolve the inaccuracies with Texan Credit Corporation.

38. September 12, 2024 Plaintiff sent a DTPA pre-demand letter, as required under the Texas Deceptive Trade Act(DTPA), to resolve the issues and address violations of the Fair Credit Reporting Act(FCRA). The letter was sent in hopes of having the account marked as disputed, as the increasing balance reported each month was causing significant harm to the Plaintiff's credit report. **Exhibit K**

39. On October 18, 2024, Plaintiff Patricia A. Davidson filed another complaint with the appropriate authorities to have the account marked as disputed. This action was taken to prevent further harm to Plaintiff's creditworthiness and to address the continued inaccuracies reported by Defendant Texan Credit Corporation. **Exhibit L, M**

40. On October 23, 2024, counsel for Defendant Texan Credit Corporation responded to Plaintiff's Pre-Demand letter, stating, **"Moreover, the allegations appear to complain that amounts Texan Credit reported to Equifax for the months of January 2024 through April 2024 were at certain times less than owed."** This statement confirms Plaintiff's allegations and constitutes an admission that the reported balances were inconsistent. Such an admission further supports Plaintiff's claims of violations of the **Fair Credit Reporting Act (FCRA)** by demonstrating Defendant's failure to provide accurate and consistent information to credit reporting agencies

41. The Counsel for the defendant also stated in the letter "There is no requirement in the FCRA that furnishing information to the credit reporting agency must mark an account as disputed upon receipt of dispute from CRA.

42. However, 15 U.S.C. § 1681s-2(a)(3) explicitly imposes an obligation on furnishers of information to mark an account as disputed when a consumer disputes the accuracy of the information. Failure to do so constitutes a violation of the Fair Credit Reporting Act

(FCRA). This principle was affirmed in *Saunders v. Branch Banking & Trust Co., 526 F.3d 142 (4th Cir. 2006),* where the court held that a furnisher's failure to note a dispute could result in liability under the FCRA for misleading or inaccurate reporting.

43. On November 04, 2024, Plaintiff Patricia A. Davidson made another attempt to resolve the ongoing issues by contacting counsel for Defendant Texan Credit Corporation via email. The plaintiff requested that the account be marked as disputed in accordance with **15 U.S.C. § 1681s-2(a)(3)** to prevent further harm to the Plaintiff's creditworthiness. Despite this effort, Defendant failed to take corrective action causing Plaintiff more humiliation and anguish.

44. On November 07,2024 Counsel for the defendant asserted via email "the legal authority Plaintiff cite is not the law in Texas and does not stand for the proposition that Texan Credit Corporation was or is required to mark the Plaintiff account as disputed"

45. However, the Fair Credit Reporting Act (FCRA) is 15 U.S.C 1681 et seq., is a Federal law that applies to all states, including Texas, and requires furnishers of credit information to mark accounts as disputed once notified of a dispute. Federal law preempts state law in this matter, making counsel for Defendant arguments legally invalid.

46. On November 15, 2024, Plaintiff Patricia A. Davidson retrieved a 24-month reporting history from Equifax detailing the balances reported every month by Defendant Texan Credit Corporation. Upon review, Plaintiff discovered that Defendant reported an amount of **$1,519** owed in May 2024, despite informing Plaintiff on April 08, 2024 that she owed **$1,525**. This discrepancy, along with similar inaccuracies reported for months, demonstrates that Defendants Texan Credit Corporation and Equifax Information LLC

intentionally reported inaccurate information to Plaintiff Credit Report knowingly for months. These actions caused Plaintiff mental anguish, humiliation, and harm to her creditworthiness. Plaintiff asserts that Defendant's Texan Credit Corporation and Equifax's prolonged misconduct was deliberate and in violation of the Fair Credit Reporting Act (FCRA).

**COUNT I: VIOLATION OF 15 U.S.C. § 1681s-2(b)AGAINST DEFENDANT TEXAN CREDIT CORPORATION**

47. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

48. Defendant Texan Credit Corporation failed to conduct a reasonable investigation of Plaintiff's dispute regarding the inaccurate information reported to Equifax, as required under 15 U.S.C. § 1681s-2(b).

49. Defendant failed to mark the account as disputed, further violating its obligations under 15 U.S.C. § 1681s-2(b)(1)(D).

50. This failure directly caused Plaintiff financial and reputational harm, as the inaccurate and incomplete information negatively affected her creditworthiness.

51. Defendant's conduct was willful, entitling Plaintiff to statutory, actual, and punitive damages, or, alternatively, negligent, entitling Plaintiff to statutory and actual damages under 15 U.S.C. § 1681o.

**COUNT II: VIOLATION OF 15 U.S.C. § 1681e(b) and 15 U.S.C 1681i AGAINST EQUIFAX INFORMATION LLC**

52. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

53. Defendant Equifax failed to follow reasonable procedures to ensure the maximum possible accuracy of the information it included in Plaintiff's credit report, as required under 15 U.S.C. § 1681e(b).

54. Defendant Equifax also failed to conduct a reasonable reinvestigation after Plaintiff's dispute within the required 30-day period, as mandated by 15 U.S.C 1681i(a)(1).

55. Defendant Equifax's actions caused the continued reporting of inaccurate amounts on Plaintiff's credit report, including discrepancies in reported balances from defendant Texan Credit Corporation.

56. As a result of Defendant's noncompliance with 1681e(b) and 1681i(a), the plaintiff suffered denial of credit opportunities, mental anguish, and emotional distress.

57. Defendant Equifax's willful noncompliance renders it liable for punitive damages, or alternatively, negligent conduct entitles Plaintiff to statutory and actual damages under 15 U.S.C. § 1681o.

**COUNT III: VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT (DTPA)AGAINST DEFENDANT TEXAN CREDIT CORPORATION**

58. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

59. Defendant Texan Credit Corporation engaged in false, misleading, and deceptive acts and practices in the conduct of trade or commerce, in violation of Tex. Bus. & Com. Code § 17.41 et seq.

60. Specifically, Defendant misrepresented the accuracy of Plaintiff's account balances and failed to take corrective action when notified of the inaccuracies, causing harm to Plaintiff.

61. Defendant's actions were intentional and designed to mislead Plaintiff, entitling her to enhanced remedies under the DTPA, including treble damages pursuant to Tex. Bus. & Com. Code § 17.50(b).

62. Defendant's conduct caused Plaintiff financial harm, emotional distress, and damage to her creditworthiness.

63. Defendant intentionally caused humiliation and confusion to Plaintiff by providing an inflated balance of $1525 in April and then inaccurately reporting to Equifax in May 2024 that Plaintiff owes $1519. This deceptive and inconsistent reporting demonstrates Defendant's disregard for accurate reporting practices and their willful intent to mislead Plaintiff, further damaging her creditworthiness and causing emotional distress.

## JURY DEMAND

64. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

65. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants for:

66. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

67. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

68. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

69. Treble damages for intentional conduct pursuant to Tex. Bus. & Com. Code § 17.50(b);

70. Mental anguish damages pursuant to Tex. Bus. & Com. Code § 17.50(b)(2);

71. Costs and attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), and Tex. Bus. & Com. Code § 17.50(d);

72. Any other relief the Court deems just and proper.

By: ______________________
Patricia A. Davidson
Patricia_Davidson@yahoo.com
Physical Address:805 Heights Drive Apt F
FortWorth, Tx 76112
Mailing Address: P.O. Box 8661
Fort Worth, TX 76124
Telephone:Primary: 903-471-4839

PRO SE PLAINTIFF



TEXAN CREDIT CORP.

February 6, 2024




T42 P2 **AUTO**ALL FOR AADC 760 165752-1-1-1 - 11981

Patricia Davidson
805 Heights Dr Apt F
Ft Worth, TX 76112-9429

RE: Account Number 3875 with Texan Credit Corporation

Dear Patricia Davidson:

This communication is from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose. Texan Credit Corporation understands your non-payment to date may be an oversight.

As of today's date, the amount due on the account referenced above is $1,464.65. Since we wish to encourage the resolution of your account, Texan Credit Corporation would like to make a one-time offer to settle this debt for 75% of the total amount owed, which would be $1,098.49, if paid by April 30th, 2024, we will consider your account paid in full and in good standing.

Please direct all payments to:
**Texan Credit Corporation**
**P.O Box 130**
**Timpson, Texas 75975-0130**

Please make a notation of your account number or include this letter with your payment, so that your account can be properly credited. If $1,098.49 is not paid by April 30th, 2024, then the full balance of $1,464.65 will be due and owing on your account.

I appreciate your courtesies and look forward to hearing from you.

Yours very truly,

*Sean Baumgartner*
Sean Baumgartner
**President**

If the above referenced account is included in a bankruptcy, please disregard this notice and have the account holder or their attorney contact our office so we can mark the account accordingly. Texan Credit fully complies with all bankruptcy stays. If this was received in error, please contact our office.

Exhibit B

EQUIFAX

CREDIT FILE : March 13, 2024

Confirmation # 4073566461

Dear PATRICIA A DAVIDSON:

Thank you for requesting your credit file, commonly called a Consumer Credit Report. Your credit file contains information received primarily from companies which have granted you credit and from public record sources. Great care has been taken to report this information correctly. Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully.

If there are items you believe to be incorrect, you may be able to initiate an investigation request via the Internet 24 hours a day, 7 days a week at:

**equifax.com/personal/disputes**

Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns.

Or you may complete the enclosed Research Request Form and return it to:

**Equifax Information Services LLC**
**P.O. Box 740241**
**Atlanta, GA 30374**

***NOTE: Sending the Research Request Form to any other address will delay the processing of your request.***

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

**Under the FACT Act, you have the right to request and obtain a copy of your credit score. To obtain a copy of your credit score, please call our automated ordering system at: *1-877-SCORE-11.***

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Visit us at **equifax.com/personal/disputes** or Call us at (888) EQUIFAX, (888) 378-4329.

00000363 06405 0001-0023 DECF00000313241323878 001 0001067



00000399 06988 0012-0023 DECE0000030524122722 00 L 00000070

Exhibit C

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 02/23 | $4,091 | $26 | | 07/01/2020 | $3,500 | | | Education Loan | |
| 01/23 | $4,070 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 12/22 | $4,046 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 11/22 | $4,023 | $30 | | 07/01/2020 | $3,500 | | | Education Loan | |
| 10/22 | $4,000 | $30 | | 07/01/2020 | $3,500 | | | Education Loan | |
| 09/22 | $3,978 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 08/22 | $3,956 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 07/22 | $3,934 | $25 | | 07/01/2020 | $3,500 | | | Education Loan | |
| 06/22 | $3,911 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 05/22 | $3,890 | | | 07/01/2020 | $3,500 | | $0 | Education Loan | |
| 04/22 | $3,868 | $25 | | 07/01/2020 | $3,500 | | | Education Loan | |
| 03/22 | $3,845 | $25 | | 07/01/2020 | $3,500 | | | Education Loan | |

***TCC FORT WORTH SOUTH 2901 ALTA MERE DR FORT WORTH TX 761164100 : 8179201483***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *0704 | 02/17/2023 | $900 | | 10 Months | Monthly | 11 | | |

| Date of Last Reported Update | Balance Amount | Amountt Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Reported | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/2024 | $1,400 | $1,015 | | | | 04/2023 | | 08/2023 | | | | | |

Status - Charge Off; Type of Account - Installment; Type of Loan - Note Loan; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account;

| Account History with Status Codes | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 |
|---|---|---|---|---|---|---|---|---|---|
| | L | L | L | L | L | L | 3 | 2 | 1 |

**** End of Credit File ****
000000070-DISC

Only March 2024



4064689229-XWA-0d17017a00001049-03042024

# Transcript 1

**S1:** How can I help you?

**S2:** Hello, yourself. I was calling, I have a very old account and I was trying to get the balance on it. I received--

**S1:** Hang on one second, I'm sorry. What's the phone number to be--?

# Transcript 2

**S2:** 903-471-4849.

**S1:** Patricia Davidson?

**S2:** Right.

**S1:** As of today, it's $1,511.92.

**S2:** So that's the pay off amount?

**S1:** Yes.

**S2:** Okay. And let me write this down. You said the payoff amount, it's how much--

**S1:** $1,511.92.

**S2:** Do you mind--? Because I got a crazy schedule. Do you mind mailing me that?

**S1:** I can't mail anything, because that's changing daily with the interest.

**S2:** So, is it still growing interest even though it's a closed account?

**S1:** No, it's already charged off. It's written off. That's it. That means that's the total.

**S2:** Okay, so it wrote off at $1,511.

**S1:** Right.

**S2:** Okay. And what's your name?

**S1:** Rebecca.

**S2:** Okay, Rebecca. Thank you.

**S1:** Okay, you're welcome. Bye-bye.



exhibit E

9589 0710 5270 0359 4205 79

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Atlanta, GA 30374

Certified Mail Fee $4.40
$ $0.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.68
$
Total Postage and Fees $5.08
$

0039
04
Postmark Here
03/25/2024
equifax

Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

9589 0710 5270 0359 4205 87

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Chester, PA 19016

Certified Mail Fee $4.40
$ $0.00
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $
Postage $0.68
$
Total Postage and Fees $5.08
$

0039
04
Postmark Here
03/25/2024
transunion

Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

# Texan Credit Corp. 051

Note Details

Date: 04/08/2024
Time: 10:43:19 AM

Acct. Number: 3875-2
Loan Number: 20704-2
Loan Type: 1
Loan Law : 2

DAVIDSON,PATRICIA
805 HEIGHTS DR APT F
Ft Worth, TX 76112
Phone:

Transaction Date: 04/08/2024
Date Made: 02/17/2023
WRITE OFF

Cash to Borr: $119.27
First Due: 03/17/2023
Matures: 12/17/2023
Frequency: M
Num. Payments: 10

Prepaids: $0.00
Amount Financed: $900.00
Loan Charges: $450.00
Total Note: $1,350.00
APR: 97.73/0.00

First Payment: $135.00
Periodic Payment: $135.00
Final Payment: $135.00
Next Due: 03/17/2023
Up to Date: $1,525.23

Balance: $1,350.00
Other Charges: $175.23
Refund: $0.00
Payoff: $1,525.23
Renew: ($625.23)/($625.23)

## Loan Charges

| Charge Type | Amount | Ref. Type | Refund |
|---|---|---|---|
| Acquisition | 90.00 | 0 | 0.00 |
| I.A.H.C. | 360.00 | 0 | 0.00 |

## Other Charges

| Charge Type | Amount |
|---|---|
| Late Charges: | 100.00 |
| Maturity Interest: | 75.23 |

## Details

| Type | Date | Drw | Amount | Mat. Int. | SimInt. | Late Ch. | Ret. Ck. | Legal | To Bal. | Balance | Rev | ToDF.Bal |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BR | 02/17/2023 | 2 | $900.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,350.00 | $1,350.00 | N | $0.00 |
| WO | 07/31/2023 | 13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,350.00 | N | $0.00 |



## Transcript 1

See exhibit 6

**S1:** I can't find it.

**S2:** I mean, it's charged off a couple of years ago, so I am--

**S1:** Couple of years? It's about a year.

**S2:** I mean, you know, last year.

**S1:** Okay, but I just want-- Like I said, I don't have got the email, so basically it was $1,350 and I owe $1,525 on it. What amount did it charge off at? $1,350?

**S2:** $1,350.

**S1:** The $1,350 is what it charged off at. Okay.

**S2:** Yeah, that was your total.

**S1:** That's what I owe.

**S2:** I mean, you had a late fee, of course.

**S1:** Right.

**S2:** So, it charges off after the 5th month.

**S1:** Okay.

**S2:** So, for sure, you had $10 once a month, so that was $50, and then whatever the maturity interest was at that time.

**S1:** Okay, I just want to, you know, get the exact amount that I owed when they closed. That's all I want to--

## Transcript 2

**S1:** I don't want to be inaccurate because I didn't have a document. You see what I'm saying?

**S2:** Yeah.

**S1:** I don't-- Like I have to get by email.

| Descriptions | 3 : 90-119 Days Past Due<br>4 : 120-149 Days Past Due | G : Collection Account<br>H : Foreclosure | L : Charge Off |
|---|---|---|---|

***>>> The information you disputed has been updated as well as other information on this item. Account # - *0704 The results are:*** THE BALANCE OF THIS ITEM HAS BEEN UPDATED. THE FOLLOWING FIELDS HAVE BEEN MODIFIED: *ADDITIONAL INFORMATION *BALANCE *PAST DUE *HIGH CREDIT *DATE OF MAJOR DELINQUENCY 1ST REPORTED. If you have additional questions about this item please contact: ***TCC FORT W, 2901 ALTA MERE DR, FORT WORTH, TX 76116-4100 Phone: (817) 920-1483***

***TCC FORT WORTH SOUTH*** ***2901 ALTA MERE DR FORT WORTH TX 761164100 : 8179201483***

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| *0704 | 02/17/2023 | ***$1,350*** | | 10 Months | Monthly | 12 | | |

| Date of Last Reported Update | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/2024 | ***$1,350*** | ***$1,525*** | | | | 04/2023 | | ***04/2023*** | | | | | |

| Status | Type of Account | Type of Loan | Whose Account | Portfolio Indicator | Portfolio Status |
|---|---|---|---|---|---|
| Charge Off | Installment | Note Loan | Individual Account | | |

ADDITIONAL INFORMATION:

***A Temporary Update Freeze On File***

***Charged Off Account***

Exhibit H

Account History with Status Codes

| 02/2024 | 01/2024 | 12/2023 | 11/2023 | 10/2023 | 09/2023 | 08/2023 | 07/2023 | 06/2023 | 05/2023 |
|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | 3 | 2 | 1 |

Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 03/24 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 02/24 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 01/24 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 12/23 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 11/23 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 10/23 | $1,400 | | | | $900 | | $1,015 | Note Loan | |
| 09/23 | $1,370 | | | | $900 | | $870 | Note Loan | |

(End of Report)
000001565-DISC

An official website of the United States Government




Start a new complaint (https://www.consumerfinance.gov/)

 All complaints (.)




# 240412-13937178

**CLOSED**

## Submitted

| STATUS | PRODUCT | ISSUE |
| --- | --- | --- |
| Submitted to the CFPB on 4/12/2024 | Payday loan, title loan, personal loan, or advance loan | Problem with the payoff process at the end of the loan |



## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

I reached out to Texan credit march 19 to ask for the balance and agreement loan to see what's owed, it was refused. The balance concerns me, I went in person April 8th , the manager Rebecca refused to give me the paperwork of the installment agreement of what I owed. The paper she gave me is not the installment agreement , she made up an amount and gave it to me.






April 15, 2024

Re: CFPB Complaint #240412-13937178 – Patricia Davidson

Patricia Davidson,

Texan Credit Corporation (TCC) has investigated a complaint associated with the above referer account that it received through the CFPB's customer complaint program on April 15, 2024. TC has confirmed your account from February 17, 2023, and has confirmed the balance due. Per request TCC has enclosed a copy of your installment agreement (loan contract dated 2/17/23).

If you have any other questions or concerns, please do not hesitate to contact us (936) 254-19( ext. 203.

Respectfully,

Sean Baumgartner
President

**TEXAN CREDIT CORPORATION**
PO Box 130 • Timpson, TX 75975
Phone (936) 254-1900 • Fax (936) 254-1901




# Shipment Receipt: Page #1 of 1

THIS IS NOT A SHIPPING LABEL. PLEASE SAVE FOR YOUR RECORDS.

SHIP DATE:
Thur 12 Sep 2024

EXPECTED DELIVERY DATE:
FRI 13 SEP 2024 EOD

SHIP FROM:
PATRICIA DAVIDSON
805 HEIGHTS DR
APT F
Fort Worth TX 76112
(903) 471-4839

SHIP TO:
REGISTER AGENT STACEY PLEDGER
357 JACOB ST
TIMPSON TX 75975-5294
Business

SHIPPED THROUGH:
The UPS Store #6734
FORT WORTH,TX 76177-2032
(817) 232-2800

SHIPMENT INFORMATION:
UPS Ground Commercial
0 lb 2.5 oz actual wt
1.000 lb billable wt
Dims: 15.00x12.00x0.75 in
Sig Req (w/Delv Confirm)

Tracking Number: 1z9F71A24230258949
Shipment ID: MMDXVWDTG77F1
Ship Ref 1: - -
Ship Ref 2: - -

DESCRIPTION OF GOODS:
DOCUMENTS

SHIPMENT CHARGES:

| | |
|---|---|
| Ground Commercial | 18.02 |
| Service Options | 6.75 |
| CMS Processing Fee | 0.22 |
| Total | $24.99 |

COMPLETE ONLINE TRACKING: Enter this address in your web browser to track: http://theupsstore.com (select Tracking, enter Shipment ID #) SHIPMENT QUESTIONS? Contact SHIPPED THROUGH above. NEED PACKAGE HELP? (lost/damaged). Provide details so we can help: https://online.upscapital.com/tccp



ShipmentID: MMDXVWDTG77F1

Powered by iShip(r)
09/11/2024 07:12 PM Pacific Time F

The UPS Store

SEE NOTICE ON REVERSE regarding UPS Terms, and notice of limitation of liability. Where allowed by law, shipper authorizes UPS to act as forwarding agent for export control and customs purposes. If exported from the US, shipper certifies that the commodities, technology or software were exported from the US in accordance with the Export Administration Regulations. Diversion contrary to law is prohibited. RRD R 0824

https://www.theupsstore.com/privacy-policy

Win a $250 gift card

Tell us how we're doing for your chance to win a $250 Amazon.com Gift Card. Scan the QR code or go to the link to take the survey.






Consumer Financial Protection Bureau

Start a new complaint (https://www.consumerfinance.gov/)

 All complaints (.)

# 241018-16548708

**CLOSED**

## Submitted

| STATUS | PRODUCT | ISSUE |
|---|---|---|
| Submitted to the CFPB on 10/18/2024 | Credit reporting or other personal consumer reports | Problem with a company's investigation into an existing problem |

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

**YOUR COMPLAINT**

On or about April 2,2024, I disputed the inaccurate balance for TCC fort Worth with both Equifax and Transunion. Following an investigation. Transunion promptly deleted the inaccurate information . However, Equifax did not take similar action and completed their investigation in only seven days. Equifax failed to provide account-level documentation or mark the account as disputed, which constitutes a violation of the Fair Credit Reporting Act(FCRA), 15 U.S.C. 1681i. This conduct by Equifax is both willful and negligent. Months have

Exhibit M

passed and the account remains unmarked as disputed, causing me significant emotional distress and anger.



**ATTACHMENTS**

IMG_1356.jpg (1.9 MB)

IMG_1355.jpg (3.1 MB)

View full complaint



## Sent to company

**STATUS**

Sent to company on 10/18/2024

We've sent your complaint to the company, and we will let you know when they respond.

Their response should include the steps they took, or will take, to address your complaint.

Companies generally respond in 15 days. In some cases, the company will let you know their response is in progress and provide a final response in 60 days.



## Company still working

**STATUS**

Company response is in progress as of 10/18/2024

### The company has responded that it is still working on your issue

In some cases, companies need more time to respond. You should receive a final response within 60 days from the date we sent your complaint to the

DEC 2 2024 PM12:24 RECEIVED USDC-NDTX-FW

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Patricia A. Davidson

**(b)** County of Residence of First Listed Plaintiff: Tarrant County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

Texan Credit Corporation -Shelby County
Equifax Informations Services LLC - Fulton County

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-24CV-1172P

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [x] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Violations of the Fair Credit Reporting Act 15 U.S.C 1681s-2b, and 1681e(b),1681i, and Texas Deceptive Trade Practices Act

Brief description of cause:
Violations of the Fsir Credit Reporting Act and the Texas Deceptive Trade Practices Act, arising from defendants willful and negligence

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: December 02,2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______