UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PATRICIA A. DAVIDSON,**

   Plaintiff,

v.   No. 4:24-cv-01172-P

**TEXAN CREDIT CORPORATION, ET AL.,**

   Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On April 28, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 36. The FCR recommended the Court grant Defendants' Motion to Dismiss (ECF No. 21). *Id.* at 15. Plaintiff filed an Objection to the FCR on May 12, 2025. ECF No. 42. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

Plaintiff Patricia A. Davidson ("Davidson") filed her original complaint on December 2, 2024. ECF No. 1. Plaintiff amended her complaint in response to Defendant Texan Credit Corporation's ("TCC") Motion to Dismiss. ECF Nos. 10, 15. That Amended Complaint serves as the active pleading in this matter. In Davidson's Amended Complaint, she raises three causes of action against TCC. ECF No. 15. Those causes of action are: (1) violations of the Fair Credit Reporting Act ("FCRA"); (2) violations of the Texas Deceptive Trade Practices Act ("DTPA"); and (3) violations of the Texas Debt Collection Act ("TDCA"). *Id.* at 13–15.

Davidson's claims arise out of a loan agreement which she entered into with TCC. *Id.* at 5, 8. Davidson has not paid on the loan but alleges that the Defendants in this case have improperly reported the amount that she owes. *Id.* at 5–8. On January 13, 2025, TCC filed a Motion to Dismiss, arguing that all claims against it should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 21. On April 28, 2025, Magistrate Judge Jeffrey L. Cureton issued the FCR, recommending that TCC's Motion be granted and the claims against it be dismissed. ECF No. 36. On May 12, 2025, Davidson objected to the FCR. ECF No. 42.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* The Court will not consider arguments raised for the first time in objections to the FCR. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). When specific objections are filed as to part of the of the Magistrate Judge's findings, conclusions, and recommendation, then the Court reviews those parts *de novo*.

## ANALYSIS OF OBJECTIONS

In her Objection, Plaintiff filed (1) the timing of the FCR; (2) the FCR erred in finding that the DTPA and TDCA claims are preempted by the FCRA; (3) the FCR failed to apply non-binding precedent from a different circuit when considering a furnisher's duty to mark an account as disputed; and (4) the FCR failed to consider all of the evidence. *See generally* ECF No. 42. The Court will address each objection.

### A. The Timing of the FCR

Davidson's first objection is that Magistrate Judge Cureton failed to comply with his obligation under Rule 72(b)(1) to "promptly conduct the required proceeding or consider the actual procedural status of the case." ECF No. 42 at 3–4. Specifically, Davidson argues that the FCR is "flawed and unfair" because it does not account for the fact that TCC continued

2

to participate in basic litigation matters, like discovery, while its Motion to Dismiss was pending. *Id.* Motions to dismiss deal with whether a complaint has adequately stated a claim under the relevant standards. They have nothing to do with discovery or evidence. The fact that TCC continued to comply with its obligations in this case while its motion was pending has no place in the FCR's analysis on the Motion to Dismiss. Therefore, Davidson's objection is **OVERRULED**.

## B. Preemption

Next, Davidson objects to the FCR's finding that her DTPA and TDCA claims were preempted by her FCRA claim. *Id.* at 13–15. In essence, Plaintiff attempts to amend her complaint through attaching TCC's responses to her interrogatories. *Id.* Through this attached evidence, Davidson argues that her DTPA and TDCA claims against TCC are based on more than TCC's duty to furnish accurate information. *Id.* But a review of Plaintiff's complaint reveals that she only brings her DTPA and TDCA claims based on TCC's failure to furnish accurate information. *See* ECF No. 15 at 14–15. And that a plaintiff cannot add factual allegations to her complaint by way of her response. *See Sheddy v. JPMorgan Chase Bank, N.A.*, No. 3:12-cv-2804-M-BF, 2013 WL 5450288, at *4 n.2 (N.D. Tex. Sept. 30, 2013). Precedent mandates that the state law claims are preempted when a plaintiff's DTPA and TDCA claims are based on the same allegation as her FCRA claim. *See Seelbach v. Ditech Fin. LLC*, No. 3:17-CV-3386-D, 2018 WL 3496479, at *4 (N.D. Tex. July 19, 2018) ("Applying the text of § 1681t(b)(1)(F) [of the FCRA], the court holds that [Plaintiff's] TDCA and DTPA claims are preempted."); *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011) ("Plaintiff's [TDCA] claim is preempted by the FCRA because it is based on an allegation that [Defendant] furnished inaccurate information to a consumer reporting agency.") Consequently, the Court **OVERRULES** Davidson's objection and adopts the reasoning and conclusion of the Magistrate Judge as the reasoning and conclusion of the Court.

3

## C. Furnisher's Duty to Mark an Account as Disputed

Next, Davidson objects to the FCR on the ground that Magistrate Judge Cureton failed to apply precedent from non-binding circuits when analyzing a furnisher's duty to report a disputed account. ECF No. 43 at 12–13. A review of the FCR shows that it considered precedent from the Third, Fourth, and Ninth Circuits and how that precedent has been applied by district courts in the Fifth Circuit. ECF No. 36 at 11–12. Applying that standard in this case, the Magistrate Judge found that Davidson had failed to plead how the credit report was misleading or inaccurate and, thus, she had failed to plead that there was a *bona fide* dispute which would have triggered TCC's reporting obligation. *Id.* Nothing in Plaintiff's objection overcomes the deficiencies identified in the FCR. Accordingly, Davidson's objection is **OVERRULED**, and the Court hereby adopts the reasoning and conclusion of the FCR as its own.

## D. Evidence

Finally, Davidson alleges that the FCR should be rejected because it failed to consider all of the evidence. ECF No. 43 at 6–12. Specifically, Davidson asserts that Magistrate Judge Cureton erred by not considering responses to interrogatories and her claim that the promissory note is "only a portion of the full agreement." *Id.* Plaintiff attached the interrogatory responses to her objection and a separate motion to compel. As previously mentioned, in response to a Rule 12(b)(6) Motion to Dismiss the Court must determine whether a plaintiff has sufficiently stated a claim upon which relief can be granted. *United States ex rel. Grynberg Prod. Corp. v. Kinder Morgan CO2 Co.,* 491 F. Supp. 3d 220, 223 (N.D. Tex. 2020) (Kinkeade, J.). Between the Parties, the promissory note is the only portion of the agreement referenced in the Amended Complaint that has been produced. ECF No. 43 at 8. The Court cannot consider evidence that has not been presented to it based on one party's assertion that there is likely more to the agreement. Furthermore, the responses to the interrogatories are not properly before the Court and do not serve as a basis on which the sufficiency of Davidson's pleading can be evaluated. Therefore, Davidson's objection to the FCR's failure to consider all of the evidence in ruling on a motion

4

to dismiss is **OVERRULED**. Accordingly, the Court adopts the reasoning and conclusion of the FCR as its own.

## CONCLUSION

Having conducted the appropriate review of the Motion to Dismiss, the Magistrate Judge's FCR, and Plaintiff's Objections, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objection. Therefore, it is **ORDERED** that Defendant's Motion be **GRANTED** and TCC be DISMISSED from this case. Furthermore, it is **ORDERED** that Plaintiff file an Amended Complaint reflecting TCC's termination from this case. Consequently, Plaintiff's Motion for Leave to Amend (ECF No. 28) is **DENIED** as moot. Further, the Court did not consider TCC's out-of-time response, therefore its Motion for Leave to File Out of Time Response is **DENIED** as moot.

**SO ORDERED** on this **9th day of June 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE