UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PATRICIA A. DAVIDSON,**

 Plaintiff,

v.           No. 4:24-cv-01172-P

**TEXAN CREDIT CORPORATION, ET AL.,**

 Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

 On August 14, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 73. The FCR recommended the Court grant Defendant's Motion to Dismiss (ECF No. 59). *Id.* at 15. Plaintiff filed an Objection to the FCR on August 28, 2025. ECF No. 74. The Court accordingly conducted a *de novo* review of the FCR. As detailed below, the Court will **ADOPT** the reasoning in the Magistrate Judge's FCR and **OVERRULE** Plaintiff's Objections.

### BACKGROUND

 Plaintiff Patricia A. Davidson (Davidson) filed her original complaint on December 2, 2024. ECF No. 1. Plaintiff amended her complaint in response to Defendant Texan Credit Corporation's (TCC) Motion to Dismiss. ECF Nos. 10, 15. TCC moved to dismiss Davidson's Amended Complaint. ECF No. 21. The Court granted that motion upon the Magistrate Judge's Recommendation. ECF Nos. 36, 55. Davidson filed a Second Amended Complaint against the only remaining Defendant, Equifax Information Services LLC (Equifax). ECF No. 56. In the Second Amended Complaint, Davidson raises two causes of action against Equifax. *Id.* Those causes of action are: (1) violation of 15 U.S.C. § 1681e(b) for failing "to follow reasonable procedures to ensure the

maximum possible accuracy of the information it included in Plaintiff's credit report;" and (2) violation of 15 U.S.C. § 1681i for failing "to conduct a reasonable reinvestigation after Plaintiff disputed the inaccurate reporting of her account." *Id.* at 7–8.

## LEGAL STANDARD

A Magistrate Judge's findings, conclusions, and recommendations for a dispositive matter are reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings in whole or in part. *Id.* The Court will not consider arguments raised for the first time in objections to the FCR. *See United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). When specific objections are filed as to part of the of the Magistrate Judge's findings, conclusions, and recommendation, then the Court reviews those parts *de novo*.

## ANALYSIS OF OBJECTIONS

In her Objection, Plaintiff raises the following objections: (1) "Magistrate Misunderstands Compliance for a Closed and Charged-off Account;" (2) "Improper Reliance on Non-Binding Authority and Creating a Defense for Equifax;" (3) "Improper Use of Judicial Notice;" and (4)"Erred in Recommending Dismissal at 12(b)(6)." *See generally* ECF No. 75. The Court will address each objection.

### A. Closed and Charged-off Account

Davidson's first objection is that Magistrate Judge Cureton "improperly reframed Plaintiff's claim under the Fair Credit Reporting Act (FCRA) as a collateral attack on the underlying debt rather than what they truly are, claims of factual inaccuracies and incomplete reporting . . ." ECF No. 75 at 3–5. But this objection is ironically a reframing of the Magistrate Judge's FCR. In the FCR the Magistrate Judge began by stating "the threshold question is whether Plaintiff has alleged that her credit reported an inaccuracy." ECF No. 73 at 9. After thoroughly analyzing the allegations and relevant case law, the Magistrate Judge concluded: "because Davidson has failed to allege an inaccuracy in her credit report, she has failed to state a claim against

Equifax under either Sections 1681e(b) or 1681i." *Id.* at 13. Therefore it is clear that the Magistrate Judge did not impermissibly reframe "Plaintiff's claim . . . as a collateral attack on the underlying debt," and Davidson's objection is **OVERRULED**.

### B. Non-Binding Authority and Creating a Defense

Next, Davidson objects to the FCR on the basis that "[t]he Magistrate erred by relying on non-binding, out-of-circuit authority rather than applying binding precedent from the Fifth Circuit." ECF No. 75 at 6–7. Davidson also objects on the basis that Equifax "rel[ied] heavily on Magistrate's non-binding analysis" in the first FCR. *Id.*

Davidson asserts that it was improper for the Magistrate Judge to cite to non-binding precedent for the proposition that "a CFPB complaint does not trigger a reinvestigation obligation" when there is a Fifth Circuit case that "recognized CFPB complaints as valid evidence of a consumer dispute." *Id.* But those are two different propositions and Plaintiff does not cite to any binding-authority that is contra to the non-binding cases. Therefore, that objection is **OVERRULED**.

Davidson's objection based on Equifax's use of the previous opinions in this case to form its motion to dismiss is meritless. Parties often rely on what is called the rule of the case to form their arguments and litigation strategies. And the Magistrate Judge has no control over parties' litigation strategies. Consequently, the Court **OVERRULES** Davidson's objection.

### C. Judicial Notice

Next, Davidson objects to the FCR on the ground that Magistrate Judge Cureton considered the Promissory Note at issue in this case. The Court previously addressed this objection and overruled it. ECF No. 55. The Court does so again here.

### D. Evidence

Finally, Davidson alleges that the FCR improperly recommended dismissal at the 12(b)(6) stage. ECF No. 75 at 9–14. Similar to the first FCR, the Magistrate Judge found that Davidson had failed to plead how the credit report was misleading or inaccurate and, thus, she had failed

3

to plead that there was a bona fide dispute. ECF No. 73. Nothing in Plaintiff's objection overcomes the deficiencies identified in the FCR. Accordingly, Davidson's objection is **OVERRULED**, and the Court hereby adopts the reasoning and conclusion of the FCR as its own.

## CONCLUSION

Having conducted the appropriate review of the Motion to Dismiss, the Magistrate Judge's FCR, and Plaintiff's Objections, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR and **OVERRULES** Plaintiff's Objections. Therefore, it is **ORDERED** that Defendant's Motion be **GRANTED**. The claims against Equifax are hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **29th day of August 2025.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE